**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIO NAVIA JR., ESTHER GOMEZ, AND MARIO NAVIA SR., individually and on behalf of JUAN NAVIA, MARIA NAVIA, MERCEDES NAVIA<br><br>   Plaintiffs,<br><br>   v.<br><br>P.O. GARCIA #3670, P.O. ANTONSEN #19692, P.O. PIPER #14650, P.O. KOCANDA #13471, P.O. KAUFMANN #7708, P.O. FOERTSCH #9195, P.O. WOJTAN #8548, P.O. WILSON #13125, P.O. WALLACE #16916 ,P.O. COLEMAN #5922, P.O. SHOWERS #19918, P.O. PENDARVIS #19370, P.O. MOHAMMAD # 19999, SGT. HROMA #1729, P.O. GALLEGOS #7920, P.O. HODGES #16885, SGT. MILMINE #941, LT. DEVEREUX #625, CAPT. MCMAHON #89, UNKNOWN CHICAGO OFFICERS, and the CITY OF CHICAGO<br><br>   Defendants. | FILED: JANUARY 06, 2009<br>Case No. 09CV35<br>JUDGE COAR<br>MAGISTRATE JUDGE DENLOW<br>RCC |

**COMPLAINT AT LAW**

NOW COME the PLAINTIFFS, by and through Horwitz, Richardson, & Baker LLC, and pursuant to this Complaint at Law, state the following against the above named Defendants, to wit P.O. GARCIA #3670, P.O. ANTONSEN #19692, P.O. PIPER #14650, P.O. KOCANDA #13471, P.O. KAUFMANN #7708, P.O. FOERTSCH #9195, P.O. WOJTAN #8548, P.O. WILSON #13125, P.O. WALLACE #16916, P.O. COLEMAN #5922, P.O. SHOWERS #19918, P.O. PENDARVIS #19370, P.O. MOHAMMAD # 19999, SGT. HROMA #1729, P.O. GALLEGOS #7920, P.O. HODGES #16885, SGT.

1

MILMINE #941, LT. DEVEREUX #625, CAPT. MCMAHON #89, UNKNOWN CHICAGO OFFICERS (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. Plaintiff MARIA NAVIA JR. is a resident of the State of Illinois and a citizen of the United States.

3. Plaintiff ESTHER GOMEZ is a resident of the State of Illinois and a citizen of the United States.

4. Plaintiff MARIO NAVIA SR. is a resident of the State of Illinois and a citizen of the United States.

5. Plaintiff JUAN NAVIA is a minor, a resident of the State of Illinois, and a citizen of the United States. MARIO NAVIA SR. also brings this action on behalf of JUAN.

6. Plaintiff MARIA NAVIA is a minor, a resident of the State of Illinois, and a citizen of the United States. MARIO NAVIA SR. also brings this action on behalf of MARIA.

7. Plaintiff MERCEDES NAVIA is a minor, a resident of the State of Illinois, and a citizen of the United States. MARIO NAVIA SR. also brings this action on behalf of MERCEDES.

8. The DEFENDANT OFFICERS were at all times relevant hereto officers of the CITY OF CHICAGO.

9. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## **FACTS**

10. On or about March 20, 2007, the DEFENDANT OFFICERS entered PLAINTIFFS' home, used force, damaged property, seized property, and shot and killed the Plaintiffs' dogs. This conduct constituted an unreasonable seizure of the PLAINTIFFS in violation of the Fourth Amendment to the United States Constitution.

11. On or about March 20, 2007, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

12. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFFS.

13. On March 20, 2007, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

14. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

15. On or about March 20, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on

said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

### *March 29, 2007 Incident*

16. On or about March 29, 2007, DEFENDANT OFFICERS arrested Plaintiff MARIO NAVIA, JR. and charged him with Unlawful Possession of Cannabis, Unlawful Possession of a Controlled Substance, and Possession of Ammunition without F.O.I.D. card. This arrest stems from the DEFENDANT OFFICERS' unreasonable search and seizure of PLAINTIFFS' home on March 20, 2007.

17. On March 29, 2007 Plaintiff MARIO NAVIA, JR. had not committed an act contrary to the laws of the State of Illinois.

18. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

19. On or about March 29, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

### **COUNT I**
### **§1983 Excessive Force**

20. PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

21. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFFS. This conduct violates the Fourth Amendment of the United States Constitution.

22. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT II
## §1983 False Imprisonment

23. PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

24. The actions of the DEFENDANT OFFICERS caused the imprisonment of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

25. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT III
### §1983 False Arrest

26. PLAINTIFFS re-allege paragraphs 1 – 19 as though fully set forth herein.

27. The actions of the DEFENDANT OFFICERS caused the arrest of MARIO NAVIA, JR. without probable cause to believe that MARIO NAVIA, JR. committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

28. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff MARIO NAVIA, JR. demands compensatory damages from the DEFENDANT OFFICERS. Plaintiff MARIO NAVIA, JR. also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. Plaintiff MARIO NAVIA, JR. also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### Malicious Prosecution - State Claim

29. PLAINTIFFS re-allege paragraphs 1 – 19 as though fully set forth herein.

30. The DEFENDANT OFFICERS alleged that Plaintiff MARIO NAVIA, JR. violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against Plaintiff MARIO NAVIA, JR.

31. The DEFENDANT OFFICERS engaged in this effort without probable cause.

32. The underlying criminal charges were ultimately resolved in favor of Plaintiff MARIO NAVIA, JR.

33. The underlying criminal charges were resolved in a manner indicative of innocence.

34. The aforementioned actions were the direct and proximate cause of the violations of Illinois state law, as set forth above.

WHEREFORE, Plaintiff MARIO NAVIA, JR. demands compensatory damages from the DEFENDANT OFFICERS. Plaintiff MARIO NAVIA, JR. also demands punitive damages and costs against the DEFENDANT OFFICERS. Plaintiff MARIO NAVIA, JR. also demands whatever additional relief this Court deems equitable and just.

## COUNT V
## § 1983 Conspiracy Claim

35. PLAINTIFFS re-allege paragraphs 1 – 19 as though fully set forth herein.

36. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VI
## § 1983 Unlawful Search of Residence

37. PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

38. The DEFENDANT OFFICERS invaded the home owned or occupied by PLAINTIFFS without a valid search warrant, probable cause, exigent circumstances, and/or any other lawful basis, and therefore violated the Fourth Amendment to the United States Constitution.

39. The DEFENDANT OFFICERS unlawfully conducted a search therein.

40. The aforementioned actions were the direct and proximate cause of the violations as set forth above.

   WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VII
## § 1983 Unlawful Seizure of Property

41. PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

42. The DEFENDANT OFFICERS seized and/or destroyed the property of the PLAINTIFFS without legal justification.

43. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment.

   WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VIII
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

44. PLAINTIFFS re-allege paragraphs 1 – 19 as though fully set forth herein.

45. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

46. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demand that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

47. Plaintiff MARIO NAVIA, JR. re-alleges paragraphs 1 – 19 as though fully set forth herein.

48. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff MARIO NAVIA, JR. demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

49. PLAINTIFFS demand trial by jury.

Respectfully submitted,

s/ Erica Faaborg
Attorney for the Plaintiff

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076